Filing # 186413238 E-Filed 11/17/2023 04:56:42 PM

IN THE CIRCUIT COURT OF THE
20TH JUDICIAL CIRCUIT IN AND FOR
CHARLOTTE COUNTY, FLORIDA

CARLOS HERNANDEZ,                    CASE NO.:

    Plaintiff,

vs.

MONDELEZ GLOBAL, LLC,

    Defendant.

_____/

## COMPLAINT

**COMES NOW,** The Plaintiff, CARLOS HERNANDEZ, ("Plaintiff"), by and through

the undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure, files this

Civil Action against Defendant, MONDELEZ GLOBAL, LLC, ("Defendant"), and alleges as

follows:

## GENERAL ALLEGATIONS

1.  This is an action by the Plaintiff for damages exceeding $50,000.00 excluding attorneys' fees
    or costs for damages under Florida Civil Rights Act of 1992 (FCRA), §760.01, *et seq*., Florida
    Statutes, discrimination based on disability, and retaliatory discharge of an employee in
    violation of FCRA and Section 440.205, Florida Statutes.

2.  At all times material hereto, Plaintiff was a resident of Hillsborough County, Florida.

3.  Defendant is a corporation authorized to conduct business in the State of Florida,

4.  Venue is proper in Charlotte County pursuant to Florida Statutes because the employment
    practices hereafter alleged to be unlawful were committed within the jurisdiction of Charlotte
    County. Venue is proper in Charlotte County because all of the actions that
    form the basis of this Complaint occurred within Charlotte County.

5. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

6. Defendant is an "employer" under the FCRA, because it employes fifteen (15) or more persons during the relevant time period. Plaintiff is an "employee" of the Defendant within the meaning of the FCRA and is also a qualified employee under the FCRA.

7. This Court has jurisdiction under section 47.011 and 47.051, Florida Statutes, because the actions which form the basis of the Complaint happened in Charlotte County, Florida.

8. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff was hired, and began working for Defendant on or about August of 1998, as a Driver.

10. On or about August 19, 2020, the Plaintiff suffered a car accident during the scope of his employment with the Defendant.

11. Plaintiff suffered injury to his back and lower back as a result of the vehicular collision. The injuries resulted in Plaintiff's disability. Plaintiff reported the accident to his supervisors and requested to initiate treatment under Florida's Workers' Compensation Law. However, this did not occur.

12. Plaintiff's disability impacted his major life activities; including his ability to walk, write, drive, move, sit, work, etc.

13. Defendant discriminated against Plaintiff due to his disability and in retaliation of his Complaints.

14. Plaintiff's employment required that he operate a forklift. As a result of Plaintiff's

disability that Defendant failed to accommodate, the Plaintiff had an accident with a forklift at around 4:00 a.m. on December of 2021. The forklift fell over.

15. Plaintiff was thereafter suspended and terminated officially on or about January 5, 2022, as result of his protected activities in opposing Defendant's discriminatory behavior and complaining of the actions being taken against him because of his disability and continuous requests for Workers' Compensation treatment.

16. The reason proffered by Defendant for the adverse employment action is a mere pretext for unlawful discrimination because of Plaintiff's disability.

## COUNT I
### *Disability Discrimination in Violation of the FCRA*

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

18. Plaintiff is a member of a protected class under the FCRA, as a result of his disability.

19. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

20. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff was disabled.

21. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

22. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

23. The conduct of Defendant, by and through the conduct of its agents, employees, and/or

3

representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

24. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

25. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.  Require Defendant to reinstate Plaintiff to his prior positions at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    f.  Grant Plaintiff such additional relief as the Court deems just and proper under

the circumstances.

## COUNT II
### *RETALIATION IN VIOLATION OF THE FCRA*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 of this
Complaint as if set out in full herein.

27. Defendant is an employer as that term is used under the applicable statutes referenced above.

28. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff
reported unlawful employment practices adversely affecting Plaintiff under the FCRA.

29. The foregoing unlawful actions by Defendant were purposeful.

30. Plaintiff voiced opposition to unlawful employment practices during employment with
Defendant and was the victim of retaliation thereafter, as related in part above.

31. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment
practices and was the victim of retaliation thereafter.  There is a causal connection between the
reporting of the unlawful employment practices and the adverse employment action taken
thereafter.

32. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has
suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment,
humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life,
and other tangible and intangible damages.

33. These damages are continuing and are permanent.

   **WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A.  Declare that the acts complained of herein are in violation of the Florida
   Civil Rights Act;

5

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

## COUNT III
### *Retaliatory Discharge Under § 440.205, Florida Statutes*

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 of this Complaint as if set out in full herein.

35. Section 440.205, of the Florida Statues provides a cause of action for any employee who has been the object of a retaliatory personnel action for having filed a valid claim for compensation under

6

the Workers' Compensation Law.

36. As mentioned above, Plaintiff filed a claim for compensation under the Workers' Compensation
Law.

37. Defendant violated the Workers' Compensation Law by taking retaliatory personnel actions
against Plaintiff due to him having filed a valid claim for compensation under the Worker's
Compensation Law.

38. Defendant and its agents, employees, supervisors, managers, partners, officers and/or directors
actively and knowingly participated in the retaliatory personnel actions against Plaintiff,
culminating in Plaintiff's discharge, having actual knowledge and/or constructive knowledge of
the wrongfulness of their conduct and the high probability that injury or damage to Plaintiff would
result, and/or acted with such reckless disregard or absence of reasonable care as to constitute a
conscious disregard or indifference to the rights of Plaintiff, and/or acted with such gross
negligence that they contributed to Plaintiff's damages, injuries and losses.

39. Because of these actions, Plaintiff has suffered damages including loss of income, lost wages and
benefits, damage to reputation, standing in his profession and community, emotional distress
damages, and other damages which have yet to be determined.

        **WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

                a.      Adjudge and decree that Defendant has violated the Workers'
                Compensation Law, and has done so willfully, intentionally, and with
                reckless disregard for Plaintiff's rights;

                b.      Enter a judgment requiring that Defendant pay Plaintiff
                appropriate back pay, benefits' adjustment, and prejudgment interest at
                amounts to be proved at trial for the unlawful employment practices

described herein;

c.　　Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.　　Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.　　Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.　　Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

40. Plaintiff requests trial by jury on all issues so triable.

Dated: November 17, 2023　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　*/s/ Jorge L. Costa*
　　　　　　　　　　　　　　　　　Anthony M. Georges-Pierre, Esq.
　　　　　　　　　　　　　　　　　Florida Bar No.: 0533637
　　　　　　　　　　　　　　　　　Jorge L. Costa, Esq.
　　　　　　　　　　　　　　　　　Florida Bar No.: 1031513
　　　　　　　　　　　　　　　　　REMER, GEORGES-PIERRE, &
　　　　　　　　　　　　　　　　　HOOGERWOERD, PLLC
　　　　　　　　　　　　　　　　　2745 Ponce De Leon Blvd,
　　　　　　　　　　　　　　　　　Coral Gables, Fl 33134
　　　　　　　　　　　　　　　　　T. (305) 416-5000
　　　　　　　　　　　　　　　　　Email: jcosta@rgph.law
　　　　　　　　　　　　　　　　　agp@rgph.law
　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*