UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS HERNANDEZ,

    Plaintiff,

v.                                            Case No.:  2:24-cv-00012-SPC-NPM

MONDELEZ GLOBAL, LLC,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Mondelez Global, LLC's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Cause of Action (Doc. 24), and Plaintiff Carlos Hernandez's opposition. (Doc. 29). For the below reasons, the Court grants the Motion and dismisses the First Amended Complaint without prejudice and with leave to amend.

### BACKGROUND[1]

This is a workplace discrimination suit. Plaintiff worked as a driver for Defendant for nearly 24 years: August 1998 to January 2022. On or about August 19, 2020, Plaintiff suffered a car accident during the scope of his employment. The car accident caused injury to Plaintiff's back, rendering him

---

[1] The Court accepts the facts pled in the Amended Complaint as true on a motion to dismiss. *See Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

disabled. Plaintiff reported the accident to his supervisors and requested to initiate treatment under Florida's Workers' Compensation Law. However, Plaintiff alleges this did not occur. Because of his disability, Plaintiff had another workplace accident with a forklift he was operating on December 7, 2021. Plaintiff claims he requested "accommodations for the operation of his work equipment" as late as December of 2021, but these unspecified accommodations were not provided. (Doc. 20 at 3). Plaintiff was suspended on an unspecified date and officially terminated on or about January 5, 2022.

On January 4, 2024, Plaintiff initiated this lawsuit against Defendant. Plaintiff brings three counts in the operative Amended Complaint: (I) Disability Discrimination in violation of the Florida Civil Rights Act ("FCRA"), (II) Retaliation in violation of the FCRA, and (III) Retaliatory Discharge in violation of Fla. Stat. § 440.205, Florida's Workers' Compensation Statute. Defendant moves to dismiss all three counts for failure to state a claim.

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But this preferential standard of review does not permit all pleadings adorned with facts to survive the next stage of litigation. The Supreme Court has been clear on this point—a district

court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. Legal conclusions and formulaic recitations of the elements of a cause of action are insufficient. *Id.* (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

In Count I, Plaintiff brings a disability discrimination claim under the FCRA. Unsurprisingly, to establish a claim for disability discrimination under the FCRA, Plaintiff must demonstrate (among other things) that he faced discrimination on account of his disability. *Wood v. Green*, 323 F.3d 1309, 1312 (11th Cir. 2003).[2] However, Plaintiff does not describe the discriminatory conduct that forms the basis of this claim. Instead, the Amended Complaint is littered with unadorned, conclusory statements. For example, in paragraph 14, Plaintiff merely states that he was "discriminated against due to his disability," but no discrimination is described. In paragraph 16, he states that he requested "accommodations for the operation of his work equipment" but

---

[2] Disability discrimination and retaliation claims brought under the FCRA are analyzed under the same framework as the American with Disabilities Act (ADA). *Monroe v. Fla. Dep't of Corr.*, 793 F. App'x 924, 926 (11th Cir. 2019).

3

these accommodations are not described. In paragraph 18, he states that he complained of actions taken against him because of his disability, but he never describes these actions. He vaguely references requesting breaks or "more time" (for what it is not specified), and states that his supervisors "would try to rush [his] work." (Doc. 20 at P 17). But he does not explain how this behavior was discriminatory (i.e., how he was treated less favorably than similarly situated non-disabled employees) under a disparate treatment theory of discrimination, nor does he does explain how "breaks" were a reasonable accommodation request that would reduce his workplace challenges under a failure to accommodate theory of discrimination. All of these conclusory and vague statements are incorporated by reference into Count I, which says "[b]y the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity." (Doc. 20 at 4-5). Plaintiff cannot state a plausible claim for relief using bare-bones, conclusory statements couched as factual allegations. Thus, Count I fails to state a claim for relief.

Further confusing matters, Plaintiff does not specify which theory of discrimination he is bringing in Count I – disparate treatment or failure to accommodate. An ADA claim based on disparate treatment involves a different showing than an ADA failure to accommodate claim. *See Toliver v. City of Jacksonville*, No. 3:15-CV-1010-J-34JRK, 2017 WL 1196637, at *5

(M.D. Fla. Mar. 31, 2017). So, to the extent he intends to bring both, it would promote clarity for both the Court and Defendant for Plaintiff to plead them in separate counts that include sufficient allegations to support each distinct theory of relief.[3]

Count II suffers from similar issues. Plaintiff brings a retaliation claim, which requires him to show: (1) he was engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) causation. *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998). For the first element, Plaintiff states he "reported unlawful employment practices" that adversely affected him, that he "voiced opposition to unlawful employment practices," and that he "was the victim of retaliation thereafter." (Doc. 20 at 7). However, these are more legal conclusions disguised as factual assertions. Plaintiff describes no instance where he reported unlawful employment practices. He provides no facts concerning, for example, what conduct he complained of, to whom he complained, and when he made these complaints. All of these facts are essential to adequately pleading a retaliation claim under the FCRA. In his response, Plaintiff implies some sort of connection between his forklift accident in December and unspecified discriminatory treatment.

---

[3] The blurring of different claims into one count also creates a shotgun pleading issue. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015) (explaining the different types of shotgun pleadings, which waste resources, broaden discovery, ravage dockets, and do not give the defendants fair notice of the claims against them). This is another reason the Amended Complaint requires amendment.

(Doc. 29 at 9 ("The Plaintiff's employment accident, having occurred on December 2021, where the forklift Plaintiff would drive fell over, meant Plaintiff complained of the discriminatory treatment within the month of December and was terminated only [ ] one month subsequent to the employment accident.")). However, the Complaint does not detail any discrimination related to this accident. And, to the extent the protected activity was his request for an accommodation, as discussed above, there are insufficient facts concerning any such request. Without any factual allegations that Plaintiff engaged in protected activity, the Complaint fails to state a claim for retaliation under the FCRA.

Finally, Count III also requires Plaintiff to replead. In Count III, Plaintiff brings a claim for retaliatory discharge under Florida Workers' Compensation Statute. Florida's anti-retaliation provision of the Workers Compensation Act, Fla. Stat. § 440.205 provides: "No employer shall discharge, threaten to discharge, intimate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." Fla. Stat. § 440.205. Defendant argues that this count is problematic because Plaintiff does not allege when he applied for workers' compensation benefits. This date is material to establishing causation, i.e., a link between his protected activity and his termination.

At best, the allegations in the Complaint are unclear in this respect. In paragraph 10, Plaintiff mentions a car accident that occurred during the scope of his employment with Defendant on August 19, 2020. He claims he "reported the accident to his supervisors and requested to initiate treatment under Florida's Workers' Compensation Law. However, this did not occur." (Doc. 20 at 3). He then mentions a subsequent employment accident that occurred in December of 2021, when his forklift fell over. In paragraph 19, he claims he required Workers' Compensation treatment after his employment accident, but Defendant never provided such treatment. However, unlike the first accident, he does not allege that he requested any treatment from his employer pertaining to the second accident. In his response, Plaintiff alludes to his having taken steps to receive Workers' Compensation treatment under the statute, but he does not say what those steps were. Thus, because the allegations that support this count, like too many others, lack sufficient factual support to state a plausible claim, repleading is necessary.

At this stage of the litigation, the Court will permit Plaintiff another chance to support his complaint with facts, rather than legal conclusions. But Plaintiff is cautioned that he cannot rely on vague, bare-bones allegations and expect to avoid dismissal.

Accordingly, it is

**ORDERED:**

7

1. Defendant Mondelez Global, LLC's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Cause of Action (Doc. 24), is **GRANTED.**

2. The Amended Complaint (Doc. 20) is **DISMISSED** without prejudice.

3. Plaintiff may file a second amended complaint consistent with this Order **on or before May 1, 2024**. **Failure to do so will result in the closure of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 17, 2024.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record